**Corinna Spencer-Scheurich,** OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FIONA MCLAUGHLIN,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**DOUBLE D SALOON, INC.**, a domestic business corporation, dba **DANCIN' BARE**, and **NOBADAYZ, INC.,** a domestic business corporation,<br><br>Defendants. | Case No.: 3:19-cv-1809<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. §201 et seq.), Oregon Wage and Hour Law<br><br>DEMAND FOR JURY TRIAL |

### I.    INTRODUCTION

1. Fiona McLaughlin ("Plaintiff") bring this action against Double D Saloon, Inc., dba Dancin' Bare and Nobadayz, Inc. ("Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for unpaid wages and statutory damages. Plaintiff seeks minimum wages

due to her under 29 U.S.C. § 206 and liquidated damages and attorney fees under 29 U.S.C. § 216(b).

2. Plaintiff also seeks unpaid wages and penalty damages under Oregon's minimum and timely payment statutes, O.R.S. §§ 652.140, 652.150, 652.200, 653.025, 653.035 and 653.055.

## II.     JURISDICTION

3. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*; 28 U.S.C. §1331, as this action arises under the laws of the United States; and 28 U.S.C. § 1337, as this action arises under acts of Congress regulating commerce.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III.     PARTIES

5. Plaintiff Fiona McLaughlin is natural person who resides in Portland, Oregon in Multnomah County.

6. At all times relevant to this action, Defendant Double D Saloon, Inc., was a domestic business corporation that has registered Dancin' Bare as an assumed business name. It operated an adult entertainment establishment by the name Dancin' Bare located in Portland, Oregon in Multnomah County that features exotic dancing.

7. At all times relevant to this action, Defendant Nobadayz, Inc., was a domestic business corporation that scheduled exotic dancers to work at Dancin' Bare and is located in Portland, Oregon in Multnomah County.

///

## IV.     FACTS

8. Defendants jointly employed Plaintiff as an exotic dancer at the Dancin' Bare strip club from June 16, 2017, through November 19, 2017.

9. Defendant Double D Saloon, Inc. is in the business of providing exotic dancing performances, such as those performed by Plaintiff at Dancin' Bare.

10. Defendant Nobadayz, Inc. is in the business of arranging the schedules of exotic dancers at Dancin' Bare strip club.

11. Plaintiff was employed in interstate commerce, or Defendants were an enterprise engaged in interstate commerce.

12. Defendants controlled how Plaintiff dressed on the job, how she interacted with clients, her schedule, when and how long she could dance, and to what music she could dance.

13. Plaintiff's conduct was enforced through the threat of fines and discharge.

14. For the hours Plaintiff worked for Defendants, she received no wages.

15. As a condition of employment, Defendants required Plaintiff to pay fees to Defendants for every afternoon and evening shift that she worked and for each private dance that she performed for a customer.

16. The fees that Defendants required Plaintiff to pay were for services incidental to carrying out Defendants' business that were primarily for the benefit or convenience of the employer.

17. Defendants' refusal to pay wages as alleged herein was willful.

18. Plaintiff, through her attorney, sent Defendants letters on June 12, 2019, and August 1, 2019, complaining of violations of state and federal wage and hour law and requesting payment of the wages that Plaintiff is due.

19. To date, Defendants have not paid Plaintiff any of her wages.

## V. CLAIMS FOR RELIEF

### First Claim - Violation of FLSA

20. Defendants violated 29 U.S.C. § 206 when it failed to pay Plaintiff the federal minimum wage rate for all the hours worked.

21. The fees that Defendants required Plaintiff to pay were expenses that were primarily for the benefit of the employer, resulting in illegal kickbacks to Defendants under 29 C.F.R. § 531.35.

22. Defendants' nonpayment of the federal minimum wage and charging of kickbacks was willful.

23. Pursuant to 29 U.S.C. § 216(b), Defendants owe Plaintiff unpaid minimum wages and kickbacks, an amount equal to the unpaid wages as liquidated damages, and attorney's fees and costs.

### Second Claim – Violation of Oregon Minimum Wage Laws

24. Defendants violated O.R.S. § 653.025 when it failed to pay Plaintiff the state minimum hourly rate for all the hours worked.

25. Under O.R.S. § 653.035, Plaintiff should be reimbursed the fees charged by Defendants, in order to bring her pay up to the state minimum wages.

26. Defendants' failure to pay Plaintiff the minimum wage for every hour worked was willful.

27. Pursuant to O.R.S. § 653.055, Defendants owe Plaintiff unpaid minimum wages and kickbacks, and penalty damages in an amount equal to 240 times her hourly rate under O.R.S. § 652.150.

28. Plaintiff is entitled to costs and reasonable attorney's fees pursuant to O.R.S. § 652.200.

///

///

### Third Claim – Violation of Oregon Timely Payment of Wages Law

29. Defendants violated O.R.S. § 652.140 when it failed to pay Plaintiff all her wages when due upon termination of her employment within the time specified in O.R.S. § 652.140.

30. Defendants' failure to pay wages when due was willful.

31. Pursuant to O.R.S. § 652.150, Plaintiff is entitled to recover her unpaid wages, penalty damages in an amount equal to 240 times her hourly rate, plus reasonable attorney fees and costs, for Defendants' failure to pay Plaintiff's wages upon termination.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

a. Award Plaintiff her unpaid federal minimum wages under 29 U.S.C. § 206, and an equal amount in liquidated damages under 29 U.S.C. § 216(b);

b. Award Plaintiff her unpaid Oregon minimum wages under O.R.S. § 653.025 and civil penalties in the amount of 240 times the minimum wage under O.R.S. §§ 653.055 and 652.150;

c. Award Plaintiff her civil penalties in the amount of 240 times the minimum wage under O.R.S. §§ 652.140 and 652.150, for failure to pay wages when due;

d. Find that Plaintiff is the prevailing party and award Plaintiff reasonable attorney's fees and costs under 29 U.S.C. § 216(b) and O.R.S. §§ 653.055 and 652.200;

e. Award Plaintiff pre-judgment interest on sums due under the state law claim and post-judgment interest on all claims; and

f. Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted this 10th day of November, 2019.

                                     s/ Corinna Spencer-Scheurich
                                     **Corinna Spencer-Scheurich,** OSB #130147
                                     (503) 525-8454